| Order Form (01/2005) | | | |
|---|---|---|---|

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7266 | **DATE** | February 2, 2012 |
| **CASE TITLE** | *Balentine v. Lewis* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion to dismiss [17-1] is granted. The plaintiff has 14 days from the date of entry of this order to file an amended complaint as provided herein. The defendants shall have 14 days thereafter to answer or otherwise plead to the amended complaint.

■[ For further details see text below.]

00:00

## STATEMENT

Clifton Balentine filed suit against the Village of Hazel Crest and two village police officers alleging claims related to the shooting of his two dogs. The defendants move to dismiss one of the plaintiff's claims. For the reasons stated below, the motion is granted.

**Facts**

The following facts are drawn from the complaint. The plaintiff alleges that in the early morning hours of September 12, 2011, his two dogs, Damien and Cujo, escaped from his house and were wandering near his yard. Sergeant Lewis of the Hazel Crest Police Department was on patrol and saw the dogs. Lewis fired his Taser and struck Damien. He then fired gunshots at Damien as the dog was running away, and also shot Cujo. Both dogs were struck by the gunshots. When another officer, Officer Hoehn, arrived, Sergeant Lewis ordered him to continue shooting at Cujo, who died on the scene. Damien ran back to the plaintiff's house. In total, Lewis and Hoehn fired 12 shots at Damien and Cujo.

The plaintiff's complaint contains four counts: Count I is for unreasonable seizure under § 1983, Count II is for intentional infliction of emotional distress, Count III is against the Village of Hazel Crest for indemnification and Count IV is a count for respondeat superior. The defendants move to dismiss the intentional infliction of emotional distress claim.

**Standard on Motion to Dismiss**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explains that this "[r]ule reflects a liberal

notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). According to the Supreme Court, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). Nevertheless, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009).

**Analysis**

Under Illinois law, "[t]he elements of intentional infliction of emotional distress are that (1) the defendant engaged in 'extreme and outrageous' conduct toward the plaintiff, (2) the defendant intended or recklessly disregarded the probability that the conduct would cause the plaintiff to suffer emotional distress, (3) the plaintiff endured 'severe or extreme' emotional distress, and (4) the defendant's conduct actually and proximately caused the plaintiff's distress. *Ulm v. Memorial Medical Center*, --- N.E.2d ----, 2012 WL 34246, at *7 (Ill. App. Ct. Jan. 6, 2012) (citation omitted).

The first of the defendants' arguments in support of their motion to dismiss is not entirely clear. It appears to address what type of damages one can obtain under Illinois law for the loss of a pet. According to the reply brief, "it is questionable whether Illinois law allows for mental anguish for the loss of a pet, which the State of Illinois considers property." Reply at 2. The court, however, need not address this aspect of the defendants' argument because their second argument provides a basis for dismissal. Specifically, the defendants contend that the complaint fails to allege that the plaintiff witnessed the shooting. According to the defendants, where conduct is directed at a third person (here, the dogs), the actor is subject to liability to a member of the third person's immediate family who is present at the time, whether or not the conduct results in bodily harm, or to any other person who is present, if such conduct results in bodily harm. Restatement (Second) Torts § 46(2). The plaintiff fails to address this argument in his response.

With respect to this provision of the Restatement (Second) of Torts, the court finds, *Green v. Chicago Tribune Co.*, 675 N.E.2d 249 (Ill. App. Ct. 1996), instructive. In that case, a woman sued the Chicago Tribune for intentional infliction of emotional distress alleging that the newspaper had taken unauthorized photographs of her son while he was in the hospital, prevented her from entering the room while they were taking photos, and published statements she had made to her son after he had died. The Illinois Appellate Court allowed the IIED claim to move forward based on the Tribune's barring the plaintiff from seeing her son in his hospital room and publishing the statements she had made to her dead son. However, the *Green* court, after citing to § 46 of the Restatement (Second) of Torts, concluded that the plaintiff could not proceed with her IIED claim for the Tribune's having taken photos of her son while he was undergoing medical treatment because the plaintiff "did not allege in her amended complaint that she was present when the Tribune photographed her son on December 30." *Id*. at 258. Under this same theory, because the plaintiff has not alleged that he was present at the time the dogs were shot, the defendants have provided a basis for

| STATEMENT |
|---|

dismissal.

      In a similar vein, the court notes that under Illinois law, an IIED claim requires that the defendant engaged in extreme and outrageous conduct *toward the plaintiff*. Here, the plaintiff cannot so allege. A plain reading of the complaint establishes that the alleged extreme and outrageous conduct was directed at the dogs, not the plaintiff. Accordingly, for these reasons, the motion to dismiss the intentional infliction of emotional distress claim with prejudice is granted.

      In the event that the court granted the motion to dismiss, the plaintiff asks in his response for leave to file an amended complaint to allege a cause of action under the Illinois Humane Care for Animals Act. The plaintiff has 14 days from the date of entry of this order to file an amended complaint in accordance with his request. The defendants shall have 14 days from the date of filing of the amended complaint to answer or otherwise plead.