| | | |
|---|---|---|
| **CLIFTON BALENTINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11 CV 7266** |
| | ) | |
| **SERGEANT JEROLD LEWIS, STAR** | ) | **District Judge Blanche M. Manning** |
| **NO. #007 and OFFICER HOEHN, STAR** | ) | **Magistrate Judge Susan E. Cox** |
| **NO. #230, individually, and THE** | ) | |
| **VILLAGE OF HAZEL CREST,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clifton Balentine filed this action because Chicago police officers shot his two dogs, Damien and Cujo. The complaint alleges unreasonable seizure pursuant to 42 U.S.C. §1983 and aggravated cruelty pursuant to the Human Care For Animals Act, as well as counts for indemnification and Respondeat Superior. Having been extended once, discovery is set to close on September 14, 2012.

At issue here is Mr. Balentine's motion to amend the complaint to add an additional plaintiff. Mr. Balentine argues that because his girlfriend, Laticia Lewis, lived with him and one of their children at the time of the incident, as the co-owner of the family dogs, she also has legitimate claims for seizure and aggravated cruelty. Defendants, however, argue that it was only after Mr. Balentine was found guilty of drug charges and began serving a prison sentence that he has decided to add Ms. Lewis to the complaint. Defendants note that discovery is set to close and that they have geared their defense towards defending Mr. Balentine's case, not another individual. Therefore, they claim this late amendment would be prejudicial. Defendants also challenge Ms. Lewis's standing.

1

For the following reasons, we deny Mr. Balentine's motion [dkt. 49].

After the time for pleadings has closed, a party may only amend a pleading with the written consent of the opposing party or with leave of court.[1] Federal Rule of Civil Procedure 15 instructs the Court to freely give leave when justice requires. In determining whether to grant leave to amend, Courts consider: (1) bad faith on part of the party seeking to amend; (2) delay caused by the amendment; (3) prejudice to the opposing party; and (4) futility of the amendment.[2]

We first address the claim that this amendment would be prejudicial. A bare assertion of prejudice cannot suffice to override the liberal amendment standard that Rule 15 proscribes; indeed, the defendant is prejudiced to some degree almost every time the plaintiff files an amendment.[3] Rather, the standard is whether the defendant will suffer undue prejudice. Courts have found that this may result if the proposed amendment "brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint," or would cause lengthy, expensive discovery.[4]

Here, Mr. Balentine seeks to add a new party. Defendants do not make a specific showing of prejudice other than to say that their defense would have been different if Ms. Lewis had been in the case at the outset, and they claim that they would have tailored their discovery differently. Mr. Balentine is correct that the Seventh Circuit has found that "a mere delay in the commencement of the action should not ordinarily operate to preclude a motion to amend the complaint."[5] Mr. Balentine also argues that he can produce Ms. Lewis for deposition immediately. According to him,

---

[1] Fed. R. Civ. P. 15(a).
[2] *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).
[3] *Conroy Datsun Ltd. v. Nissan Motor Corp.*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980).
[4] *Conroy Datsun*, 506 F. Supp. at 1054.
[5] *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 339 (7th Cir. 1973).

that would be the only supplemental discovery required.

What is more concerning, however, is why Ms. Lewis was not named in the complaint earlier. Mr. Balentine does not address this at all in his motion. Defendants also point out that Ms. Lewis was not mentioned in any answers to interrogatories, Rule 26(a) disclosures, or in any pleadings or documents in the case. At this point, defendant only has Mr. Balentine's claim that Ms. Lewis was co-owner of the dogs and nothing more. Documents that might speak to this issue, such as proof of the dogs' purchase, as well as veterinary and training records, Mr. Balentine admits to still be in the process of trying to locate. Putting aside these missing documents, we nonetheless find that it would be prejudicial to allow, on the eve of the close of discovery, Ms. Lewis as an additional plaintiff. There having been no mention of her at all during discovery, much less of her involvement with the dogs' care, does not support her late addition to the case. We also emphasize what defendants argued in open court: they have focused solely on Mr. Balentine in defending this case. Damages, as the case is pleaded now, are only about the relationship between the dogs and Mr. Balentine. Adding Ms. Lewis, who would undoubtedly have a different relationship with these dogs, would significantly change the scope of this case.

Defendants also base their motion on Ms. Lewis's lack of standing to bring this cause of action because she is not married to Mr. Balentine and, therefore, has no ownership in the dogs. But as Mr. Balentine explains, the Humane Care for Animals Act provides that "'Owner' means any person who (a) has a right of property in an animal, (b) keeps or harbors an animal, (c) has an animal in his care, or (d) acts as custodian of an animal."[6] Mr. Balentine also cites the Illinois Animal Control Act, which also defines an owner of an animal to be "any person having a right of property

---

[6]510 ILCS 70/2.06.

in an animal, or who keeps or harbors an animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog to remain on any premises occupied by him or her."[7] If it is true that Ms. Lewis lived with Mr. Balentine and, thus, the dogs, then it would certainly seem that she falls within the definition. Regardless of whether she purchased the dogs, she would have kept and had them in her care. We, therefore, see no reason why her addition to the case should be denied based on standing.

**IT IS SO ORDERED.**

Date: <u>September 13, 2012</u>

_____
**U.S. Magistrate Judge
Susan E. Cox**

---

[7] 510 ILCS 5/2.16.